[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14966
Non-Argument Calendar

_____

D.C. Docket No. 2:15-cv-14272-JEM

ELIZABETH CRUZ,

Plaintiff - Appellant,

versus

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 27, 2018)

Before TJOFLAT, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Elizabeth Cruz, proceeding *pro se*, appeals from the district court's order affirming the Commissioner of Social Security's final decision that she was no longer eligible to receive Supplemental Security Income ("SSI"). On appeal, Cruz argues that the administrative law judge ("ALJ") erred in imputing Miguel Gonzalez's income to her. After careful consideration, we affirm the district court's judgment in favor of the Commissioner.

## I.    BACKGROUND

Cruz was awarded SSI benefits in 1999. As part of the Social Security Administration's ("SSA") redetermination of Cruz's SSI eligibility in 2005, Cruz submitted information to the SSA regarding her living situation, income, and marital status. She reported that she began living in a home owned by Miguel Gonzalez in 2004 and that he paid the mortgage on the home. She stated that she had never been married, but she and Gonzalez presented themselves to the community as husband and wife. Cruz stated that she had no income other than $352 in monthly payments from state and local assistance programs. She continued to receive SSI benefits following this redetermination.

In response to an SSA redetermination in 2006, Cruz reported that she resided with Gonzalez, whom she referred to as her spouse. Again she stated that she had never been married, but she and Gonzalez presented themselves as

husband and wife.  She stated that she had no income.  From 2006 until 2010, Cruz continued to receive her monthly SSI payments.

As part of another SSA redetermination in 2010, Cruz again reported that she had never been married, she and Gonzalez lived at the same address, and they presented themselves to others as husband and wife.  She referred to Gonzalez as her spouse.  She also reported that she had no income but Gonzalez received $2,400 per month in Veterans Affairs benefits and $329 per month in Social Security benefits.  The SSA determined, based on Gonzalez's income, that Cruz was no longer eligible for SSI as of July 2010.

Cruz requested reconsideration, arguing that Gonzalez was her boyfriend so his income should not count against her.  The SSA denied the request, noting that Cruz and Gonzalez's income exceeded the SSI eligibility limits.  Cruz requested a hearing before an ALJ, stating that she rented a room from Gonzalez, but they were not currently dating.  An ALJ held a video hearing during which Cruz appeared *pro se*.  Following the hearing, the ALJ issued a decision on September 16, 2011, finding that Cruz and Gonzalez had been presenting themselves as married and thus Gonzalez's income should be considered as Cruz's income.

Cruz requested that the Appeals Council review the ALJ's decision.  Before the Appeals Council's decision, Gonzalez submitted a letter to the SSA.  In the letter, dated September 29, 2011, Gonzalez wrote that he was not in a relationship

3

with Cruz, who was merely his tenant and friend.  Gonzalez also submitted a lease agreement signed by Cruz, which stated that Cruz would pay Gonzalez $400 per month in rent, effective September 29, 2011, the same date as his letter.

The Appeals Council did not make a determination on the merits of Cruz's appeal.  Instead, it vacated the ALJ's decision and remanded the case for a new hearing because the recording of the previous hearing could not be located.  During the second hearing, Cruz testified that she had lived in Gonzalez's home since 2004, but she had her own bedroom.  She stated that Gonzalez was a "good friend," but she had "nothing to do with him."  Hr'g Tr. at 4-5 (Doc. 14-1).[1]  Cruz acknowledged after being shown her redetermination paperwork that it stated Gonzalez was her spouse, but she insisted he was not.

The ALJ issued an unfavorable decision, finding that although Cruz and Gonzalez were not legally married, Gonzalez was Cruz's spouse.  The ALJ found that they had been presenting themselves as husband and wife for several years, and Cruz's statements to the contrary were not credible.  The ALJ concluded that Gonzalez's income must be imputed to Cruz, and therefore Cruz was ineligible for SSI benefits.

Cruz administratively appealed, and the Appeals Council denied Cruz's request for review.  Cruz sought review of the Commissioner's decision in federal

---

[1] Citations to "Doc. #" refer to docket entries in the district court record in this case.

district court.  Cruz and the Commissioner each moved for summary judgment.  A magistrate judge recommended that the court grant summary judgment to the Commissioner.  The district court adopted the magistrate judge's recommendation over Cruz's objections and granted the Commissioner's motion for summary judgment.  Cruz appealed.

## II.    STANDARD OF REVIEW

When, as here, an ALJ denies Social Security benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision.  *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  We review the decision to determine whether it is supported by substantial evidence and whether the ALJ applied the proper legal standards.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  We further review a credibility determination to see if substantial evidence supports it.  *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).  Substantial evidence refers to "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Moore*, 405 F.3d at 1211.  Our limited review precludes us from "deciding the facts anew, making credibility determinations, or re-weighing the evidence."  *Id.*

### III.    DISCUSSION

On appeal, Cruz challenges the ALJ's finding that she was in a relationship with Gonzalez, arguing that she and Gonzalez are family friends and that she has never represented otherwise to the SSA.  We cannot agree.

The Social Security Act extends benefits to disabled persons who satisfy the income and resource requirements.  42 U.S.C. § 1381 *et seq*.  To be eligible for SSI under the Act, an individual's income cannot exceed a certain amount.  *Id.* § 1381a.  If an individual lives in the same household as her spouse who is ineligible for SSI, "such individual's income and resources shall be deemed to include any income and resources of such spouse."  *Id.* § 1382c(f)(1).  The statute further provides that if two individuals "are found to be holding themselves out to the community in which they reside as husband and wife, they shall be so considered" under the statute.  *Id.* § 1382c(d)(2).

Substantial evidence supports the ALJ's determination that Gonzalez was Cruz's spouse.  As part of her July 2010 eligibility redetermination, Cruz stated that she and Gonzalez had been living together since 2008; that they presented themselves as husband and wife; and that her spouse, Gonzalez, was purchasing the home where they lived.  She also stated that she had no other income.  Cruz made similar representations in 2005 and 2006.  The ALJ found that because Cruz had no other source of support, it appeared that Gonzalez was supporting Cruz "as

6

is common in a marital relationship when one party has no income." ALJ Decision at 3 (Doc. 14). The evidence was consistent with this determination.

Substantial evidence also supports the ALJ's determination that Cruz's testimony that Gonzalez was not her spouse was not credible. As the ALJ noted, prior to Cruz's second hearing, she had repeatedly stated that Gonzalez was her spouse. Furthermore, in her request for reconsideration, Cruz described Gonzalez as her boyfriend, which contradicted her later statements that he was merely her landlord. Additionally, as the ALJ found, it is unlikely that Cruz suddenly began paying Gonzalez rent under the 2011 lease agreement given that she had no source of income and had lived in his home without paying rent for at least three years. As the ALJ also noted, the lease was dated about two weeks after the ALJ's initial decision, indicating that the agreement was created only to support her request for reconsideration of the denial of her benefits.

Because a "reasonable person would accept" this evidence as supporting the ALJ's finding that Gonzalez was Cruz's spouse, *Moore*, 405 F.3d at 121, we will not upset the ALJ's decision here.

## IV.    CONCLUSION

For the reasons set forth above, we must affirm the district court's order and the Commissioner's decision.

**AFFIRMED.**

7